**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**NELLIE HRYNDA,**

                **Plaintiff,**

                v.

**UNITED STATES OF AMERICA,**

                **Defendant.**

1:13-cv-1436
(GLS/TWD)

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Office of Robert N. Isseks<br>6 North Street<br>Middletown, NY 10940 | ROBERT N. ISSEKS, ESQ. |
| **FOR THE DEFENDANT:**<br>Hon. Richard S. Hartunian<br>United States Attorney<br>James T. Foley U.S. Courthouse<br>445 Broadway, Room 218<br>Albany, NY 12207-2924 | KAREN FOLSTER<br>LESPERANCE<br>Assistant U.S. Attorney |

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Nellie Hrynda commenced this Federal Tort Claims Act

(FTCA)[1] action, alleging that defendant United States of America was negligent in connection with its maintenance of a certain stairway[2] at the Ellenville Post Office in the Village of Ellenville, New York, which resulted in personal injuries to Hrynda.  (Compl., Dkt. No. 1.)  Pending is the United States' motion for summary judgment.  (Dkt. No. 29.)  For the reasons set forth below, the motion is granted.

## II.  **Background**[3]

On November 30, 2010, Hrynda, then eighty-three years old, walked to the post office from her nearby home "to retrieve her mail . . . as it was her habit to do approximately every other day." (Def.'s Statement of Material Facts (SMF) ¶ 1, Dkt. No. 29, Attach. 2.)  After ascending the steps "on the right side of the center railing, holding on to the center railing," Hyrnda "fell 'on the platform . . . by the door.'" (*Id.* ¶¶ 5-6, 10.) The only postal employee present when Hrynda fell, Dougal Morse, "heard a loud noise and went outside to see what had happened." (*Id.* ¶ 15.)

---

[1] *See* 28 U.S.C. §§ 1346(b), 2671-2680.

[2] Despite the fact that the complaint identifies a "defective step" as the cause of Hrynda's fall, (Compl. ¶ 6, Dkt. No. 1), the parties are now in agreement that Hrynda fell on the landing, (Def.'s Statement of Material Facts (SMF) ¶ 10, Dkt. No. 29, Attach. 2).

[3] Unless otherwise noted, the facts are not in dispute.

There, Morse found "Hrynda sitting on the landing, leaning against the front of the building." (*Id.* ¶ 16.) Although it rained on the day in question, and the stairs "may have been wet," the landing area was "free and clear of debris, and free and clear of ice or snow." (*Id.* ¶¶ 17-18.) No complaints about a a hole or other defect in the landing had been documented by postal employees, and no one had fallen in that area in the previous year. (*Id.* ¶¶ 11-12.) Intermittent inspections of the property for structural defects were conducted "[m]aybe every six months," but no defects were reported from those inspections prior to Hrynda's fall. (Dkt. No. 29, Attach. 6 at 35.)

### III. <u>Standard of Review</u>

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

### IV. <u>Discussion</u>[4]

The United States argues that it is entitled to summary judgment

---

[4] The court notes that this FTCA case is governed by New York substantive law. *See* 28 U.S.C. §§ 1346(b)(1), 2674.

because no defect existed at the time of Hrynda's fall, and that, even if a defect existed, it neither created nor had actual or constructive knowledge of same. (Dkt. No. 29, Attach. 1 at 5-7.) Alternatively, the United States argues that any defect was trivial and was not the cause of Hrynda's fall/injuries. (*Id.* at 7-8.) In opposition, Hrynda contends generically that negligence actions involving dangerous or defective conditions can rarely be resolved without trial, and that, in particular, issues of fact exist regarding the manner of her fall, whether the United States "was negligent in failing to repair the hole on the landing in the area near the door and, if so, whether such negligence was a proximate cause of [her] injuries." (Dkt. No. 34 at 8-9.) For the reasons explained below, the United States is entitled to summary judgment.

"To establish a prima facie case of negligence, a plaintiff in a slip-and-fall action must demonstrate that the defendant either created the condition that caused the accident, or had actual or constructive notice thereof." *Librandi v. Stop & Shop Food Stores, Inc.*, 7 A.D.3d 679, 679 (2d Dep't 2004) (citations omitted). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and

4

remedy it." *Gordon v. Am. Museum of Nat. History*, 67 N.Y.2d 836, 837 (1986) (citations omitted).

Here, assuming that a dangerous defect or condition existed, a proposition about which the court has its doubts, there is no evidence that the United States created the condition or had actual or constructive notice of it. And Hrynda makes no attempt to demonstrate that any of those things are so. In her responsive memorandum of law, Hyrnda uses a derivation of the word "notice" only to assert that she "had never noticed [the hole] before," (Dkt. No. 34 at 2), which, given the frequency of her visits to the post office, bolsters the notion that any defect did not exist long enough to be observed and remedied by the United States.

The undisputed material facts demonstrate that the United States has met its burden. Despite a policy requiring postal employees to memorialize complaints about the condition of the front steps and landing, no such complaints were ever documented. (Def.'s SMF ¶¶ 12, 21.) Postal employees also inspected "the front stairs or landing for . . . structural defects" "[m]aybe every six months," but no reports of defects were ever made as a result of those inspections. (Dkt. No. 29, Attach. 6 at 35.) Some of those same employees used the front entrance, traversing

5

the landing in question, on a daily basis but never made any report of a defect. (*Id.*) A prior defect in the landing had been repaired several years earlier. (Def.'s SMF ¶¶ 22, 23.) Neither Morse nor the post master were aware of anyone falling at the Post Office in the year prior to Hrynda's fall. (*Id.* ¶¶ 11, 20.) Hrynda and her son-in-law, also a frequent visitor of the Ellenville Post Office, never observed any defect in the landing prior to the incident in question. (*Id.* ¶ 25; Dkt. No. 29, Attach. 4 at 16-17; Dkt. No. 34 at 2.) Hrynda's daughter, who visited the Post Office two or three times per year, had never observed a defect in the landing either. (Def.'s SMF ¶ 26.)

All of these facts tend to show that, even if a dangerous defect existed, the United States had no notice of it. The absence of any proof that the United States created a defect or had notice of one is fatal to Hrynda's claim because she has failed to demonstrate an issue of fact requiring a trial on either of those issues. *See Smalls v. Conn. Dep't of Corr.*, No. 3:10CV962(DFM), 2012 WL 774952, at *2 (D.Conn. Mar. 8, 2012) (explaining that a party moving for summary judgment against another "who will bear the ultimate burden of proof at trial . . . need not prove a negative, but need only point to an absence of proof on [the]

plaintiff's part, and, at that point, [the] plaintiff must designate specific facts showing that there is a genuine issue for trial" (internal quotation marks and citations omitted)).  For all of these reasons, summary judgment is granted to the United States.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the United States' motion for summary judgment (Dkt. No. 29) is **GRANTED**; and it is further

**ORDERED** that Hrynda's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 2, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge